```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                   ATHENS DIVISION
```

KEITER PARROTT,                          *

      Plaintiff,                  *

vs.                                      *
                                CASE NO. 3:07-CV-116 (CDL)
CITY OF UNION POINT HOUSING             *
AUTHORITY; and ANN T. CALLAWAY
and RICHARD D. NEWSOME, in              *
their individual capacities and
in their official capacities as         *
THE MANAGEMENT OF THE CITY OF
UNION POINT HOUSING AUTHORITY,          *

      Defendants.                 *

---

## O R D E R

Plaintiff Keiter Parrott filed this action *pro se* alleging that Defendants violated his federally protected rights by refusing to rent him an apartment for discriminatory reasons. Presently pending before the Court is the Motion to Dismiss of Defendants Housing Authority of the City of Union Point, Georgia, Ann T. Callaway, and Richard D. Newsome in their Individual and Official Capacity as the Management of the City of Union Point Housing Authority, Re: Failure to State a Claim (Doc. 17). Although Defendants filed this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, they first raised the "failure to state a claim" defense in their responsive pleading. Therefore, the Court will construe the subsequently filed 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Rule 12(c). For the following reasons, the Court denies this motion.

## STANDARD OF REVIEW FOR JUDGMENT ON THE PLEADINGS

Judgment on the pleadings "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Id*. The Court "must accept all facts in the complaint as true and 'view them in the light most favorable to the' plaintiff[]." *Moore v. Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)); *see also Gen. Guar. Ins. Co. v. Parkerson*, 369 F.2d 821, 825 (11th Cir. 1966) ("We are, of course, aware of the obligation to scrutinize the complaint and to let it stand if plaintiff might recover under any state of facts which could be proved in support of the claim, with the complaint construed in the plaintiff's favor.").

## BACKGROUND

Accepting each of the allegations as true, and construing the facts in Plaintiff's favor, the pleadings show as follows:

Plaintiff is an African-American male. In 1974, Plaintiff was convicted of murder "for allegedly shooting a [C]aucasian man during a mutual combat altercation." (Compl. ¶ 4.) Plaintiff was released

2

on parole in 1984, and he has had no other felony convictions. (*Id.*)
On July 3, 2007, Plaintiff submitted a rental application to the
Housing Authority of the City of Union Point, Georgia. (*See* Attach.
to Compl., Housing Denial Letter, August 10, 2007.) On August 10,
2007, Defendant Ann T. Callaway notified Plaintiff by letter that
"[d]ue to [his] criminal history [Plaintiff is] ineligible for an
apartment." (*Id.*)

Plaintiff filed the present action on October 24, 2007, alleging
that Defendants' decision to deny his housing application violated
the federal Fair Housing Act ("FHA"), as amended by the Fair Housing
Amendments Act of 1988, 42 U.S.C. §§ 3601-3619. Plaintiff claims
that Defendants have rented apartments to at least two African-
American males who each "have killed a man." (Compl. ¶ 5.)
Plaintiff alleges that "one of Defendants' present tenant[s]
allegedly killed his cousin over a fifty-cents gambling wager[,]" and
that "one of Defendants' past deceased tenants killed his stepfather
with a rock." (*Id.*) Since "both victims of the foregoing two
tenants . . . [were] of African-American descent[,]" (*id.*), Plaintiff
contends that "Defendants' summary denial of Plaintiff's application
to rent an apartment was done in a discrim[i]natory and unlawful
manner due to the [fact that the] victim in Plaintiff's crime was
white ([C]aucasian) and Plaintiff is African-American."[1] (*Id.* ¶ 3.)

---

[1]Plaintiff also specifically alleges that Defendants maintain the
following racially discriminatory policies and practices:

3

Defendants contend that (1) "[b]eing a convicted felon does not rise to the level of a protected class" under the FHA and (2) Defendants' actions "were for legitimate non-discriminatory reasons" and pursuant to 42 U.S.C. § 3604(f)(9), which states: "Nothing in this subsection requires that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial physical damage to the property of others." (Mot. to Dismiss ¶¶ 3, 2.) For these reasons, Defendants contend that Plaintiff failed to state a claim under the FHA.

DISCUSSION

The only ground upon which Defendants seek judgment on the pleadings is that Plaintiff cannot establish that Defendants violated the FHA by denying Plaintiff's request for housing based on his criminal history. In other words, Defendants contend that they

---

(a)  Summar[ily] denying applicants with past criminal history even though applicants [were] not convicted of same said crime(s); Although the same said crime happened over five years prior to applying for a[n] apartment and; Although Defendants' application asks an applicant: "have you been convicted of a felony in the past five years . . ."?
(b)  Defendants skip over white applicants—who had higher positions on the UPHA list—so white applicants would be placed mostly in the vacant apartments on Crawfordville Road and not in the "black" neighborhoods on Hunter Street and Elliott Circle.
(c)  Defendants will not post the waiting list to applicants and if an applicant request[s] to see the waiting list, Defendants will then summarily deny that applicant for unlawful reasons.
(d)  Defendants placed and maintained a single white male in [a] two-bedroom apartment on Crawfordville Road[,] . . . thereby making the apartment unavailable to African-American families on the UPHA waiting list, in violation of the UPHA . . . policy which states that single tenants must occupy one-bedroom apartments.

(Compl. ¶ 7.)

4

denied Plaintiff's request for a legitimate, nondiscriminatory reason and that Plaintiff cannot rebut this fact because he "admits in his complaint that he was convicted of murder, and . . . that his request for housing was denied based on the background and criminal history check." (Mot. to Dismiss ¶ 1.) This argument, however, completely ignores the true nature of Plaintiff's allegations—that a racially discriminatory animus motivated Defendants to deny Plaintiff's request for housing.[2]

Under the FHA, it is unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). In order to prevail on a claim of racial discrimination under the FHA, a plaintiff "has to establish that race played *some* role in the actions of [the defendant]." *Sofarelli v. Pinellas County*, 931 F.2d 718, 722 (11th Cir. 1991)

---

[2]The only legal authority to which Defendants cite in support of their position is an unpublished order from the Eastern District of Michigan in which the court rejected a convicted felon's claim of housing discrimination because "convicted felons are not a protected class" and a "criminal background check was race-neutral and is not shown to be otherwise impermissible." *Miller v. McKinley, Inc.*, No. 05-40310, 2007 WL 2156273, at *9 (E.D. Mich. July 26, 2007). In addition to the fact that this case is not binding on this Court, Plaintiff here specifically alleges that Defendants' decision to deny his request for housing on the basis of his felony conviction was *not* race-neutral.

Moreover, Defendants' reliance on 42 U.S.C. § 3604(f)(9) to justify their decision is misplaced. This subsection is located in the part of § 3604 making it an unlawful and prohibited practice "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a *handicap*." 42 U.S.C. § 3604(f)(1) (emphasis added). Plaintiff here asserts that Defendants violated subsections (a), (b), and (c), which are not modified by subsection (f)(9).

(emphasis added). Since a plaintiff need only establish that race played *some* role in motivating a defendant, it is sufficient to state a claim under the FHA for a plaintiff to allege facts supporting a contention that the defendant harbored an intent to unlawfully discriminate against the plaintiff. *See id.*

Here, Plaintiff clearly alleges that Defendants denied his request for housing "due to the [fact that the] victim in Plaintiff's crime was white . . . and Plaintiff is African-American." (Compl. ¶ 3.) Moreover, Plaintiff specifically alleges that he was treated differently than two African-Americans whose murder victims were also *African-American*. In other words, Plaintiff clearly alleges that "race played *some* role in the actions of [Defendants]." *Sofarelli*, 931 F.2d at 722 (emphasis added). Therefore, since Plaintiff may be able to prove a set of facts which would establish a violation of the FHA, judgment on the pleadings is not appropriate at this time. *See Horsley*, 292 F.3d at 700; *Sofarelli*, 931 F.2d at 722.

CONCLUSION

For the reasons stated herein, the Court denies the Motion to Dismiss of Defendants Housing Authority of the City of Union Point, Georgia, Ann T. Callaway, and Richard D. Newsome in their Individual and Official Capacity as the Management of the City of Union Point Housing Authority, Re: Failure to State a Claim (Doc. 17).

IT IS SO ORDERED, this 29th day of May, 2008.

                                                          S/Clay D. Land
                                                            CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE